

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*            *(302) 573-6277*
*1007 Orange Street, Suite 700*    *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 15, 2006

**VIA HAND DELIVERY**

Honorable Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE 19801

RE:    U.S. v. Edward Tice
      Cr.A.No. 06-100M

Dear Judge Thynge:

     The defendant has advised the government of his desire to plead guilty pursuant to the enclosed unexecuted plea agreement. I write to request that the Court schedule a guilty plea hearing. Thank you for your consideration.

Respectfully,

COLM F. CONNOLLY
United States Attorney

By:_____
David L. Hall
Assistant United States Attorney

DLH/jb
Enc.
cc:    Penny Marshall, Esquire

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

UNITED STATES OF AMERICA            :
                                    :
v.                                  :        Cr. A. No. 06-
                                    :
EDWARD TICE                         :

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L.

Hall, Assistant United States Attorney, and Penny Marshall, Esq., attorney for the defendant,

Edward Tice, the following agreement is hereby entered into by the respective parties:

1.      The defendant agrees to plead guilty to Count I of a one count Misdemeanor

Information charging him with theft of government property, in violation of Title 18, United

States Code, Section 641.

2.    The maximum penalty is one year imprisonment, one year supervised release, a

$100,000 fine, restitution, and a $25 mandatory special assessment.

3.    The defendant understands that if he were to proceed to trial on Count I of the

Misdemeanor Information, charging a violation of Title 18, United States Code, Sections 641,

the government would have to prove each of the following elements of the offense beyond a

reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and

converted to his own use, (3) a record, voucher, money, or thing of value, (4) of the United States

or any department or agency thereof.

4.    The defendant knowingly, voluntarily, and intelligently admits that from August

2004 to March 2005, in the State and District of Delaware, he stole a total of $1,028.70 in funds

of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5.      Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.  The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6.      The defendant agrees to pay a $25 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $1,028.70.

7.      If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.      The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal.  The parties realize that the Court is not bound by any stipulations reached by the parties.  However, if the Court decides not to follow any stipulation or recommendation in

this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects

from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

The parties stipulate and agree that, pursuant to Sentencing Guidelines Section 2B1.1(b)(1), the

base offense level for Count I is 6.

9.    The defendant understands that at sentencing the District Court must consider the

United States Sentencing Guidelines and take them into account in exercising its discretion to

determine the appropriate sentence and must also consider the other factors bearing on an

appropriate sentence pursuant to 18 U.S.C. §3553(a).  The defendant further understands that the

Government will likely recommend that the Court impose a sentence consistent with the

sentencing range set forth by the sentencing guidelines.

10.    It is further agreed by the undersigned parties that this Memorandum  supersedes

all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this

Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney


_____        BY:    _____
Penny Marshall, Esq.                                   David L. Hall
Attorney for Defendant                                 Assistant United States Attorney


_____               Dated:
Edward Tice
Defendant


**AND NOW** this _____ day of _____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____

Honorable Mary Pat Thynge
United States District Court
District of Delaware